# IN THE UNTED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**SHERRY EVANS-CARMICHAEL,**

      **Plaintiff,**

**vs.**                                                                  **CIV. NO.**

**LIBERTY MUTUAL GROUP INC.,
DBA LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,**

      **Defendant.**

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1441(a) and (b), Defendant Liberty Life Assurance Company of Boston, ("Defendant") files the following Notice of Removal and would show the Court as follows:

### I.

An action was commenced by Plaintiff against Defendant in the District Court in and for Los Alamos County, New Mexico. This action is entitled *Sherry Evans-Carmichael v. Liberty Mutual Insurance Group Inc., DBA Liberty Life Assurance Company of Boston,* Case No. D-132-CV-2016-00030 (the "State Action"). The following process, pleadings, and orders have been served on Defendant or have been filed by Defendant in such action, and are attached hereto as Exhibit "1":

      A.    Plaintiff's Complaint

      B.    Jury Trial Demand

      C.    Summons and Notice of Service of Process

A copy of the docket sheet from that action is attached hereto as Exhibit "2."

## II.

This action is removed to this Court pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

By the State Action, Plaintiff is seeking to recover disability benefits (along with other damages) from a disability benefits plan, in which she was a participant by virtue of her employment with Los Alamos National Laboratory (see, Plaintiff's Complaint at ¶ 6). Defendant acted as claim administrator and insurer for the disability benefits plan, which is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of ERISA. The benefits sought by Plaintiff in the State Action are sought from this ERISA plan. Therefore, this plan and an action for benefits under the plan is governed by ERISA. The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be

"recharacterized" as a federal claim under ERISA.  Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B).  *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).  Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

### III.

Defendant was served with this lawsuit on March 11, 2016.  Therefore, this Notice of Removal is timely filed within thirty (30) days of service of the Petition upon Defendants.

### IV.

Contemporaneous with the filing of this Notice of Removal, Defendant has given the District Court in and for Los Alamos County, New Mexico, written notice of the same in the form attached hereto as Exhibit "3."

### V.

The following is a list of counsel of record:

| | |
|---|---|
| Nancy Cusack | Laurie A. Gallegos, Esq. |
| HINKLE SHANOR LLP | THE TRINITY LAW FIRM |
| PO Box 2068 | 557 Oppenheimer, Ste 101 |
| Santa Fe, NM 87504-2068 | Los Alamos, NM 87544 |
| P: 505-982-4554 | P: 505-662-8955 |
| F: 505-982-8623 | F: 888-894-2221 |
| Email: ncusack@hinklelawfirm.com | Email: laurie@thetrinitylawfirm.com |
| | |
| And | Counsel for Plaintiff |
| | |
| Iwana Rademaekers | |
| LAW OFFICES OF IWANA RADEMAEKERS, P.C. | |

14785 Preston Road, Suite 550
Dallas, Texas 75254
PH:  (214) 579-9319
FX:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

PRO HAC VICE (TO BE REQUESTED)

Counsel for Defendant

Respectfully submitted,

**HINKLE SHANOR LLP**

By:  _/s/ Nancy Cusack_
     Nancy Cusack, Esq.
     ncusack@hinklelawfirm.com
PO Box 2068
Santa Fe, NM 87504-2068
PH: 505-982-4554
FX: 505-982-8623

- AND -

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

By:  _/s/ Iwana Rademaekers_
     Iwana Rademaekers, Esq.
     Texas Bar No. 16452560
     Email:  iwana@rademaekerslaw.com
14785 Preston Road, Suite 550
Dallas, Texas 75254
PH:  (214) 579-9319
FX:  (469) 444-6456

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct
copy of the foregoing Notice of Removal
was mailed this _8th_ day of April, 2016,
to opposing counsel of record as follows:

> Laurie A. Gallegos, Esq.
> The Trinity Law Firm
> 557 Oppenheimer, Ste 101
> Los Alamos, NM  87544
> laurie@thetrinitylawfirm.com

**HINKLE SHANOR LLP**

By: _/s/ Nancy Cusack_
Nancy Cusack, Esq.
ncusack@hinklelawfirm.com

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/9/2016 3:01:02 PM
STEPHEN T. PACHECO
Jorge Montes

FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF LOS ALAMOS

No. D-132-CV-2016-00030

SHERRY EVANS-CARMICHAEL,

Case assigned to Ortiz, Raymond Z.

        Plaintiff

v.

LIBERTY MUTUAL GROUP INC., DBA LIBERTY LIFE ASSURANCE COMPANY OF
BOSTON,

        Defendants.

## COMPLAINT FOR BREACH OF CONTRACT, BREACH OF DUTY OF GOOD FAITH

## AND FAIR DEALING, BAD FAITH AND VIOLATION OF THE NEW MEXICO

## INSURANCE CODE

## JURY TRIAL DEMANDED

### COMPLAINT

Plaintiff Sherry Evans-Carmichael ("Evans-Carmichael" or "Plaintiff") by and

through her attorney, The Trinity Law Firm, Laurie A. Gallegos, Esq., for her complaint

against the Defendant, alleges as follows:

### NATURE OF THE ACTION

1.    Plaintiff's action is grounded on breach of contract by Liberty Mutual Group, Inc.,

DBA Liberty Life Assurance Company of Boston ("Defendant"), breach of Defendant's



**EXHIBIT**

1

duty of good faith and bad faith and violation of the New Mexico Insurance Code 59A NMSA 1978.

## JURISDICTION AND VENUE

2.     Jurisdiction rests with this Court because the Short Term Disability policies and Supplemental Employee-Paid Disability Policies (the "Contracts") which form the basis for this action specifically state that the "Governing Jurisdiction is New Mexico and subject to the laws of that State."

3.     Plaintiff is informed and believes, and on this basis alleges, that Defendant is a foreign profit corporation registered to do business in New Mexico, with its registered agent's address being 123 East Marcy Street, Suite 101, Santa Fe, New Mexico 87501.

4.     Plaintiff is a resident of Los Alamos County, New Mexico.

5.     Jurisdiction and venue rests with this Court because the claims arise in this district, the Defendants' wrongful acts occurred and are continuing to occur in this district, and, on the basis of information and belief, the Defendant is found in this district, can receive service of process in this district, resides in this district and/or transacts business in this district.

## GENERAL ALLEGATIONS

6.     Plaintiff began her employment with Los Alamos National Laboratory ("Employer") in June 1998.

7.     Defendant is the insurer of Plaintiff's Short-Term and Long Term Employee Disability policies, also referred to as the Contracts.

8.     Plaintiff first became ill in August 2000 after returning home to Los Alamos following the evacuation due to the Cerro Grande Fire in May 2000.

9.    Defendant previously provided Plaintiff some supplemental short term disability benefit payments between September 2000 through 2001 based upon her illness.

10.    On January 14, 2006, Plaintiff completed and signed the Defendant's Disability Claim Forms for Plaintiff's Employer paid Short Term Disability and Employee Paid Supplemental Disability benefits.

11.    A letter from Defendant dated February 2, 2006, acknowledged receipt of the claim for Short Term Disability and Supplemental Disability Benefits. The Attending Physician's Statement and Disability Claim Form were received in Defendant's office on January 31, 2006.

12.    On April 1, 2006, Plaintiff completed and signed her Application for Disability Income to the University of California Retirement Plan (UCRP) and later provided the original Application for Disability to the Human Resources Division at Los Alamos National Laboratory.

13.    By letter dated April 14, 2006, Defendant notified Plaintiff that her Supplemental disability benefits were denied, alleging that her claim was somehow connected with an earlier claim in 2001.

14.    The letter dated April 14, 2006 from Defendant stated that their review was concluded and the claim was closed but that Plaintiff could request review of relevant file documents.

15.    The letter dated April 14, 2006 from Defendant stated that "Determinations made by Liberty Life Assurance Company of Boston are based on the provisions outlined in the University of California's Supplemental Disability Policy."

16. Defendant sent a letter to Plaintiff on April 17, 2006 correcting their letter of April 14, 2006, the only correction being that they removed references to California law.

17. On May 1, 2006, Los Alamos National Laboratory submitted Plaintiff's formal Application for Disability Income to the University of California Retirement Plan (UCRP).

18. On June 1, 2006, management of Los Alamos National Laboratory was transitioned from the University of California to Los Alamos National Security, LLC.

19. As alleged by the Defendant, a new Group Disability Income Policy became effective for the new sponsor, Los Alamos National Security, LLC on June 1, 2006.

20. This new Group Disability Income Policy was however supposed to be substantially the same as the previous Group Disability Income Policy.

21. Although Defendant continued to deny Plaintiff's claims for Short Term Disability and Supplemental Disability benefits, ironically, Plaintiff was approved for Total Disability by her employer, the University of California, and assigned a total Disability Date of August 11, 2006.

22. The amount of the Plaintiff's UCRP/employer-paid long-term disability benefit was determined by Plaintiff's employer using her status as an "exempt", "salaried," "full time" employee with her actual monthly salary rate of $8,369.77 to calculate the monthly payment.

23. Plaintiff's first UCRP Disability check (Check # 622224) was dated 09/01/2006 and covered the period from 08/01/2006 – 08/31/2006.

24. Plaintiff's employer has, on multiple occasions substantiated to Defendant, the Plaintiff's status as a "salaried employee" with an actual monthly salary rate of $8,369.77.

4

25.     Plaintiff has continued to receive her monthly UCRP/employer-paid long-term disability benefit from her employer using her actual monthly salary rate of $8,369.77 from September 2006 to date.

26.     From April 2006 until May 2014, although Plaintiff's employer paid benefits were approved, Defendant continued to deny Plaintiff's employee paid Supplemental Disability Benefits.

27.     In May 2014, approximately 8 years later, after years of evading payment, Defendant finally provided payment but only for Plaintiff's employee paid supplemental Short Term Disability benefit.  Additionally, Defendant calculated the benefit amount using a lower salary rate than her actual monthly salary rate, and continued to deny Plaintiff's Supplemental long-term Disability Benefit.

28.     During the period of April 2006 until August 2014, Defendant provided multiple inconsistent bases for the denial of Plaintiff's Supplemental Disability Benefits, refused to respond to requests for information, provided false information to Plaintiff, continued to ask Plaintiff to provide the same information over and over, required that Plaintiff fill out voluminous forms and re-submit them on several occasions and discontinued communication with Plaintiff for extended periods of time.

29.     After extended correspondence was sent by Plaintiff to Defendant from 2013 through 2014, and Defendant continued to keep requesting more information, in August of 2014, Plaintiff retained legal counsel to assist her with the claims being denied by Defendant for the past 8 years.

30.     From August 2014 until December 2014, Defendant required that Plaintiff submit additional paperwork and forms, that Plaintiff be reevaluated by her physicians and Defendant conducted their own peer review using their own physician.

31.     Although all requests by Defendant had already been completed by Plaintiff prior to August 2014, Plaintiff complied with the continued requests from August 2014 until December 2014.

32.     By letter dated December 29, 2014, Defendant notified Plaintiff's attorney that they accepted liability on Plaintiff's Supplemental Disability Benefits claim but needed more documentation with regard to social security benefits Plaintiff may have received.

33.     Plaintiff notified Defendant that social security benefits had been denied to her.

34.     By letter dated February 18, 2015, Defendant again requested information regarding social security benefits and notified Plaintiff that they would be issuing payment taking a social security estimate, thereby reducing the benefit paid.

35.     The letter of February 18, 2015, further indicated an inaccurate "monthly salary" of $4,751.59.

36.     Based upon this monthly salary, the calculated gross benefit was $3,326.11, with a reduction for the monthly employer-paid long term disability benefit and a reduction for a social security estimate thereby providing a monthly gross benefit of $100.00.

37.     By letter dated February 19, 2015, Defendant provided a recalculation of benefits for Plaintiff providing a monthly gross benefit of $204.58.

38.     By letter dated March 6, 2015, Plaintiff notified Defendant again that social security benefits had been denied and provided Defendant with a copy of the Denial letter from the Social Security Administration.

39.     By letter dated May 11, 2015, Defendant informed Plaintiff that the calculation to reimburse Plaintiff for the social security estimate had been calculated but continued to ask for more information prior to releasing the payment.

40.     By letter dated June 9, 2015, Plaintiff again provided all requested information to Defendant, however; Defendant did not release payment for the social security estimate as it indicated would be done and ignored repeated requests to properly calculate the benefit payment using Plaintiff's actual salary rate in accordance with the contract terms.

41.     On July 9, 2015, Plaintiff filed a complaint with the Office of Superintendent of Insurance for New Mexico.

42.     On or about July 27, 2015, Plaintiff received a check in the amount of $131,631.00 representing a refund of the social security disability offset taken for the period 9/9/2007- 2/8/2015 pertaining to Plaintiff's supplemental long-term disability benefits.

43.     By letter of August 19, 2015, Plaintiff notified Defendant, that although the social security offset was paid, they still failed to calculate the supplemental short-term and supplemental long-term benefits in accordance with the contract terms by failing to use Plaintiff's actual salary rate of $8,369.77 as had been substantiated on multiple occasions by Plaintiff's employer, resulting in the supplemental employee-paid long term benefit amount being reduced by approximately $230,000.00 to the date of the letter and a miscalculation of the supplemental employee-paid short term benefit.

44.     On August 27, 2015, Plaintiff received a letter from Defendant sent by the original claims manager who had provided inconsistent and false information, failed to respond

7

to Plaintiff for extended periods of time and continued denying Plaintiff's claims from

August 2007 until August of 2014, maintaining that Plaintiff had a "variable appointment"

and that her benefit was being calculated contrary to the definitions set forth in the

contract.

45.     The assertion by Defendant that Plaintiff had a "variable appointment" was in

direct contravention to the definitions set forth in the contract and to the information

provided by Plaintiff's employer to Defendant on multiple occasions.

46.     On July 27, 2015, Plaintiff was informed by the Office of the Superintendent for

Insurance for New Mexico that as Plaintiff was represented by Counsel they would take

no further action.

47.     Due to Defendant's refusal to comply with the terms of the contract and the

unavailability of administrative remedies to address Defendant's breach and bad faith,

Plaintiff was forced to file this action with this Court.

48.     Defendant's actions have caused, and are causing, Plaintiff injuries and

damages in kind and amount susceptible of proof at trial including but not limited to:

loss of income and benefits; loss of prospective future income and benefits; and severe

emotional distress as well as insomnia, anxiety and other illnesses and conditions.

49.     Defendants are responsible for the actions of its agents or employees under the

doctrine of *respondeat superior*.

50.     Defendants have acted outrageously, deliberately, intentionally, maliciously,

recklessly, wantonly, willfully and in bad faith, with the clear foreseeability of proximately

causing Plaintiff severe emotional distress, in breach of contract and in violation of the

New Mexico Insurance Code, justifying an award of punitive damages against them as may be allowed under appropriate claims set out in this Complaint.

## COUNT I

## BREACH OF CONTRACT

51.    Plaintiff re-alleges each of the allegations set forth in paragraphs 1-50 of this Complaint as if each were set forth fully herein.

52.    The Courts of the State of New Mexico have determined that a policy of insurance is a contract.

53.    The Defendant delayed approval of Plaintiff's claim for approximately 8 years, and when ultimately approving it, now refuses to provide the proper benefit payment amount in accordance with the terms of the contract.

54.    The Defendant's actions constitute breach of the Defendant's contract with Plaintiff.

55.    As a direct, foreseeable and proximate result of Defendant's breach of its contract with Plaintiff, Plaintiff has suffered damages of type and amount subject to proof at trial.

## COUNT II

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

56.    Plaintiff re-alleges each of the allegations set forth in paragraphs 1-55 of this Complaint as if each were set forth fully herein.

9

57.   The Courts of the State of New Mexico have in proper circumstances found there to have existed a covenant of good faith and fair dealing in contract matters.

58.   The Courts of the State of New Mexico have determined that a policy of insurance is a contract.

59.   The Defendant delayed approval of Plaintiff's claim for approximately 8 years, and when ultimately approving it, now refuses to provide the proper benefit payment amount in accordance with the terms of the contract.

60.    Defendant's actions were performed in an effort to deprive Plaintiff from enjoying the benefits of her contract were done willfully, in bad faith, with wanton disregard of their impact upon Plaintiff, without justification, cause or privilege to do so and constitute a violation of the implied covenant of good faith and fair dealing owed by Defendant to the Plaintiff, and provide an adequate basis for an award of punitive damages against Defendant.

61.   As a direct and foreseeable and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages of type and amount subject to proof at trial.

## COUNT III

## BAD FAITH

62.   Plaintiff re-alleges each of the allegations set forth in paragraphs 1-61 of this Complaint as if each were set forth fully herein.

63.     The Courts of the State of New Mexico have determined that a policy of insurance is a contract and there is implied in every insurance policy a duty on the part of the insurance company to deal fairly with the policyholder.

64.     Defendant failed to act honestly and in good faith in performance of the contract.

65.     The Defendant delayed approval of Plaintiff's claim for approximately 8 years, and when ultimately approving it, now refuses to provide the proper benefit payment amount in accordance with the terms of the contract.

66.     The Defendant's actions were performed in an effort to deprive Plaintiff from enjoying the benefits of her contract, were malicious, willful and wanton, in bad faith, with reckless disregard for the interests of the Plaintiff, and were based upon a dishonest judgement.

67.     Defendant's actions constitute a violation of the implied covenant of good faith and fair dealing owed by Defendant to the Plaintiff, and provide an adequate basis for an award of punitive damages against Defendant.

68.     As a direct and foreseeable and proximate result of Defendant's bad faith, Plaintiff has suffered damages of type and amount subject to proof at trial.

## COUNT IV

## VIOLATION OF THE NEW MEXICO INSURANCE CODE

69.     Plaintiff re-alleges each of the allegations set forth in paragraphs 1-68 of this Complaint as if each were set forth fully herein.

70.     59A-16-20 NMSA 1978 prohibits insurers from failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising

under policies; failing to affirm or deny coverage of claims of insureds within a

reasonable time after proof of loss requirements under the policy have been completed

and submitted by the insured; not attempting in good faith to effectuate prompt, fair and

equitable settlements of an insured's claims in which liability has become reasonably

clear; and attempting to settle a claim by an insured for less than the amount to which a

reasonable person would have believed he was entitled by reference to written or

printed advertising material accompanying or made part of an application.

71.     59A-16-20 NMSA 1978 further prohibits insurers from compelling insureds to

institute litigation to recover amounts due under policy by offering substantially less than

the amounts ultimately recovered in actions brought by such insureds when such

insureds have made claims for amounts reasonably similar to amounts ultimately

recovered.

72.     The Defendant delayed approval of Plaintiff's claim for approximately 8 years,

and when ultimately approving it, now refuses to provide the proper benefit payment

amount in accordance with the terms of the contract and guidance that was provided to

the Plaintiff when she retained the policy.

73.     59A-16-30 NMSA 1978 provides for a private right of action by the Plaintiff

against Defendant and if a violation by Defendant is determined to recover actual

damages, costs and attorneys' fees.

## RELIEF

WHEREFORE, Plaintiff seeks the following relief as to the Defendants and all

Counts pled in this Complaint:

a.   Actual and compensatory damages sufficient to make the Plaintiff whole;

12

b. Punitive damages against the Defendant sufficient to punish and deter further wrongdoing;

c. Attorney's fees, expenses, costs, pre-judgment and post-judgment interest as may be allowed by law; and,

d. That this Court award Plaintiff such further and additional relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of six (6) persons on all issues triable of right by a jury.

Respectfully submitted by:

THE TRINITY LAW FIRM
Attorneys for the Plaintiff

By: */s/ Laurie A. Gallegos*
    Laurie A. Gallegos
    557 Oppenheimer
    Suite #101
    Los Alamos, NM 87544
    (505)662-8955
    Fax: (888)894-2221
    laurie@thetrinitylawfirm.com

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/9/2016 4:28:50 PM
STEPHEN T. PACHECO
Avalita Kaltenbac

FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF LOS ALAMOS

No. D-132-CV-2016-00030

SHERRY EVANS-CARMICHAEL,

        Plaintiff

v.

LIBERTY MUTUAL GROUP INC., DBA LIBERTY LIFE ASSURANCE COMPANY OF
BOSTON,

        Defendants.

## **JURY TRIAL DEMAND**

Plaintiff Sherry Evans-Carmichael ("Evans-Carmichael" or "Plaintiff") by and

through her attorney, The Trinity Law Firm, Laurie A. Gallegos, Esq., hereby demands a

trial by jury of six (6) persons on all issues triable of right by a jury.


Respectfully submitted by:

THE TRINITY LAW FIRM
Attorneys for the Plaintiff

By: */s/ Laurie A. Gallegos*
    Laurie A. Gallegos
    557 Oppenheimer
    Suite #101
    Los Alamos, NM 87544
    (505)662-8955
    Fax: (888)894-2221
    laurie@thetrinitylawfirm.com

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/9/2016 4:34:05 PM
STEPHEN T. PACHECO
Avalita Kaltenbach

## SUMMONS

| | |
|---|---|
| FIRST JUDICIAL DISTRICT COURT<br>STATE OF NEW MEXICO<br>COUNTY OF LOS ALAMOS<br><br>Court Address:  P.O. Box 2268<br>225 Montezuma, Ave.<br>Santa Fe, New Mexico 87504/87501<br>Court Telephone No.:  505-455-8250 | Case Number: D-132-CV-2016-00030<br><br>Judge:  Honorable Raymond Z. Ortiz |
| SHERRY EVANS-CARMICHAEL, Plaintiff<br>v.<br><br>LIBERTY MUTUAL GROUP INC., DBA<br>LIBERTY LIFE ASSURANCE COMPANY<br>OF BOSTON, Defendant | Defendant:<br>LIBERTY MUTUAL GROUP INC., DBA<br>LIBERTY LIFE ASSURANCE COMPANY<br>OF BOSTON<br>Address:<br>123 East Marcy Street, Suite 101<br>Santa Fe, New Mexico 87501 |

### TO THE ABOVE NAMED DEFENDANT(S):  Take notice that

1.  A lawsuit has been filed against you.  A copy of the **Complaint for Breach of Contract, Breach of Good Faith and Fair Dealing, Bad Faith and Violations of the New Mexico Insurance Code**, is attached.  The Court issued this Summons.
2.  You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.
3.  You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4.  If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5.  You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6.  If you need an interpreter, you must ask for one in writing.
7.  You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.or; 1800-876-6657 or 1-505-797-6066.

Dated at Los Alamos, New Mexico, this   9th   day of   March        2016.

STEPHEN T. PACHECO
CLERK OF COURT

By: *Avalita Katutule*
Deputy

Attorney for Plaintiff:
THE TRINITY LAW FIRM
Laurie A. Gallegos, Esq.
557 Oppenheimer Drive, Suite #101
Los Alamos, NM 87544
(505)662-8955 Fax: (888)894-2221
laurie@thetrinitylawfirm.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS

# RETURN

STATE OF NEW MEXICO      )
                                      )ss.
COUNTY OF LOS ALAMOS    )

         I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served the within Summons in said County on the _____day of _____, 20\_\_\_, by delivering a copy thereof, with a copy of the Complaint attached, in the following manner:

**(CHECK ONE BOX AND FILL IN APPROPRIATE BLANKS)**

[ ]    to Defendant_____ *(used when Defendant receives copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]    to Defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the Defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to_____, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant _____, *(used when the Defendant is not presently at place of abode)* and by mailing by first class mail to the Defendant at _____*(insert Defendant's last known mailing address)* a copy of the summons and complaint.

[ ]    to_____, the person apparently in charge at the actual place of business or employment by Defendant and mailing by first class mail to the Defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the Defendant at _____*(insert Defendant's last known mailing address)*

[ ]    to _____, an agent authorized to receive service of process for Defendant _____

[ ]    to _____ [parent] [guardian] [custodian] [conservator] [guardian ad litem] of Defendant _____*(used when Defendant is a minor or an incompetent person).*

[ ]    to _____ *(name of person)*, _____, *(title of person authorized to receive service. Used when Defendant is corporation or association subject to a suit under a common name, a land grant board of trustees, the*

*State of New Mexico or any political subdivision).*

Fees:_____

_____     _____
Signature of Person Making Service              Title (if any)

*Subscribed and sworn to before me this _____ day of _____ ,20_____.

_____
Judge, Notary or Other Officer Authorized to Administer Oath

_____
Official Title

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS

PRESS FIRMLY TO    PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE    RESS FIRMLY TO SEAL

CERTIFIED MAIL®



U.S. POSTAGE
PAID
LOS ALAMOS, NM
87544
MAR 10, 18
AMOUNT
**$9.90**
R2304W118788-07

1006    87901

# PRIC
★ MAIL ★

7015 3010 0001 3530 0104

FROM:

📅  DATE OF DELIVERY SPECIFIED•

📶  USPS TRACKING™ INCLUDED•

$  INSURANCE INCLUDED•

🚚  PICKUP AVAILABLE

      • Domestic only

TO:

Liberty Mutual Group Inc. DBA
Liberty Life Assurance Company of Boston
123 East Marcy Street, Suite 101
Santa Fe, NM  87501

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.



P S 00001000014

EP14F July 2013
OD: 12.5 x 9.5

**VISIT US AT USPS.COM**•
ORDER FREE SUPPLIES ONLINE



**UNITED STATES
POSTAL SERVICE**®

This envelope is made from post-consumer waste. Please recycle • again.



**CORPORATION SERVICE COMPANY**

null / ALL
Transmittal Number: 14902612
Date Processed: 03/11/2016

# Notice of Service of Process

| Primary Contact: | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |
| --- | --- |

| | |
| --- | --- |
| Entity: | Liberty Mutual Group Inc.<br>Entity ID Number  2541558 |
| Entity Served: | Liberty Mutual Group Inc., dba Liberty Life Assurance Company of Boston |
| Title of Action: | Sherry Evans-Carmichael vs. Liberty Mutual Group Inc., dba Liberty Life Assurance Company of Boston |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Los Alamos County District Court, New Mexico |
| Case/Reference No: | D-132-CV-2016-00030 |
| Jurisdiction Served: | New Mexico |
| Date Served on CSC: | 03/11/2016 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Laurie A. Gallegos<br>505-662-8955 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

D-132-CV-201600030 - Thursday, April 7, 2016

# Sherry Evans Carmichael

### v.

# Liberty Mutual Group Inc

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT | |
|---|---|---|---|---|
| D-132-CV-201600030 | Ortiz, Raymond Z. | 03/09/2016 | LOS ALAMOS District | |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | PARTY NAME |
|---|---|---|---|
| D | Defendant | 1 | LIBERTY MUTUAL GROUP INC |
| P | Plaintiff | 1 | EVANS CARMICHAEL SHERRY |
| | ATTORNEY: GALLEGOS LAURIE A. | | |

## CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 03/09/2016 | 1 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION | | | |
|---|---|---|---|---|
| 1 | Breach of Contract | | | |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|
| | | |

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 03/09/2016 | 2 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION | | | |
|---|---|---|---|---|
| 1 | Bad Faith | | | |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|
| | | |

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 03/09/2016 | 3 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION | | | |
|---|---|---|---|---|
| 1 | Bad Faith | | | |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|
| | | |

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 03/09/2016 | 4 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION | | | |
|---|---|---|---|---|
| 1 | Insurance Code | | | |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|
| | | |

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 03/09/2016 | JURY DEMAND 6 PERSON | | | | |
| 03/09/2016 | SUMMONS ISSUED | | | | |
| 03/09/2016 | OPN: COMPLAINT | | | | |
| | for Breach of Contract, Breach of Duty of Good Faith and Fair Dealing, Bad Faith and Violation of the New Mexico Insurance Code | | | | |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 03/09/2016 | Ortiz, Raymond Z. | 1 | INITIAL ASSIGNMENT |

**EXHIBIT**

2

Page 1