IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHERRY EVANS-CARMICHAEL,

    Plaintiff,

v.                                                               No. Civ 16-276 KG/LF

LIBERTY MUTUAL GROUP INC.,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support ("Motion"), (Doc. 9), filed April 15, 2016; Plaintiff's Memorandum in Response to Defendant's Motion to Dismiss ("Response"), (Doc. 14), filed April 29, 2016; and Defendant's Reply in Support of its Motion to Dismiss Plaintiff's Complaint ("Reply"), (Doc. 15), filed May 13, 2016.  Having reviewed the Motion, the accompanying briefs, and relevant law, the Court finds that it must convert the Motion to one for summary judgment.  The parties are to supplement their briefing as outlined in this Order.

    I.        **Background**

Plaintiff Sherry Evans-Carmichael ("Plaintiff") originally filed her Complaint for Breach of Contract, Breach of Duty of Good Faith and Fair Dealing, Bad Faith and Violation of the New Mexico Insurance Code ("Complaint") in the First Judicial District Court of the State of New Mexico.  (Doc. 4) at 6–18.  In the Complaint, Plaintiff seeks to recover damages for Defendant Liberty Mutual Group, Inc.'s ("Defendant's") alleged breach of a disability benefits plan, in

which Plaintiff participated by virtue of her employment at the Los Alamos National Laboratory. (Doc. 4) at 7, 17–18.

On April 8, 2016, Defendant removed the case to this Court, pursuant to 28 U.S.C. § 1331.  (Doc. 4) at 2.  As the basis for removal, Defendant assert that Plaintiff's claims relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.  Defendant now moves to dismiss Plaintiff's claims on the ground that the disability benefits plan at issue is an "employee benefit plan" governed by ERISA, which preempts the state law causes of action.  Accordingly, Defendant argues that the allegations pled in the Complaint are insufficient to state a claim under ERISA.  Defendant attaches a copy of the alleged governing disability benefits plan to the Motion ("Policy").  (Doc. 9-1).

In her Response, Plaintiff argues that the disability benefits plan at issue is a "governmental plan," which is exempted from ERISA pursuant to 29 U.S.C. § 1003(b)(1).[1] (Doc. 14) at 6–7.  In addition, Plaintiff disputes whether the Policy attached to Defendant's Motion is a true and correct copy of the policy provided to Plaintiff.  As a result, Plaintiff contends that the Court must consider additional facts, and make factual findings, in order to determine whether ERISA applies to the disability benefits plan in this case.  *Id*. at 7–8.

**II.    Discussion**

In reviewing a Rule 12(b)(6) motion asserting a failure to state a claim upon which relief

---

[1] The statute reads, in pertinent part:

(b) The provisions of this subchapter shall not apply to any employee benefit plan if—

(1) such plan is a governmental plan (as defined in section 1002(32) of this title): . . . .

can be granted, a Court must accept all well-pleaded allegations as true and must view them in a light most favorable to the plaintiff. *Zinermon v. Burch,* 494 U.S. 113, 118 (1990). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a 12(b)(6) motion to dismiss, a complaint does not need to include detailed factual allegations, but "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"A 12(b)(6) motion must be converted to a motion for summary judgment if 'matters outside the pleading are presented to and not excluded by the court' and 'all parties . . . [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'" *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (citing FED. R. CIV. P. 12(b)). However, conversion may not be required where the complaint refers to a document which is central to the plaintiff's claim, and the defendant submits an indisputably authentic copy of the document to the court to be considered on a motion to dismiss. *Id*.

Here, Defendant asserts that it is evident from Plaintiff's Complaint and from the Policy attached to its Motion that the disability benefit plan is not a "governmental plan" and, therefore, is covered by ERISA. (Doc. 9) at 3. A "governmental plan" is defined as "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the

foregoing." 29 U.S.C. § 1002(32).  However, the only allegation in the Complaint that speaks to this issue states that the Policy is sponsored by Los Alamos National Security, LLC ("LANS"). (Doc. 4) at 4 ¶¶ 18–20.  This allegation, assumed true, is insufficient for the Court to make the factual finding that the Policy is not a "governmental plan" as defined by ERISA.  Additionally, Plaintiff disputes whether the attached Policy is a true and correct copy of the policy at issue in this case.  (Doc. 14) at 1 n.1.  As a result, the Court cannot consider the attached Policy unless it converts the Motion to one for summary judgment and provides both parties with an opportunity to present all pertinent evidence.  *See GFF Corp.*, 130 F.3d at 1384.

Having determined that the Court is unable to decide the factual question of whether the policy is a "governmental plan" based on the allegations in the Complaint, the Court finds it appropriate to convert the Motion to a motion for summary judgment under Federal Rule of Civil Procedure 56.  *See Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 344–47 (5th Cir. 2014) (holding that federal district courts have subject matter jurisdiction to decide whether plan is ERISA plan or governmental plan, and that where factual information outside pleadings is necessary, proper vehicle to do so is Rule 56).  In doing so, the parties will have an opportunity to supplement their briefing to include evidence supporting their position, such and information from websites and affidavits, by the deadlines stated below.

### III. Conclusion

IT IS THEREFORE ORDERED that the parties will supplement their briefing on the Motion as follows:

(1) Defendant shall file its supplemental brief regarding whether the LANS disability benefits plan is covered by ERISA on or before February 22, 2017;

(2) Plaintiff shall file her supplemental response on the same issue on or before March 1, 2017; and

(3) Defendant shall file a supplemental reply brief, if necessary, on or before March 8, 2017.

IT IS FURTHER ORDERED that the Court will defer ruling on Defendant's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support, (Doc. 9), until the deadlines to file supplemental briefing have expired.

_____
UNITED STATES DISTRICT JUDGE