IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHERRY EVANS-CARMICHAEL,

    Plaintiff,

v.                                                                         No. Civ 16-276 KG/LF

LIBERTY MUTUAL GROUP INC.,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support ("Motion"), (Doc. 9), filed April 15, 2016; Plaintiff's Memorandum in Response to Defendant's Motion to Dismiss ("Response"), (Doc. 14), filed April 29, 2016; and Defendant's Reply in Support of its Motion to Dismiss Plaintiff's Complaint ("Reply"), (Doc. 15), filed May 13, 2016. The Court converted the Motion to Dismiss to a Motion for Summary Judgment, and ordered the parties to submit supplemental briefing and evidence in support of their positions. (Doc. 21); (Docs. 22, 23. & 24) ("Supplemental Briefs"). The Court also heard further argument at a hearing on April 4, 2017.

    Plaintiff argues that this Court does not have jurisdiction over this case. Indeed, Court must first be certain that federal subject-matter jurisdiction exists before ruling on Defendant's Motion. As a result, the Court construes the jurisdictional issue as coming before the Court in a motion to dismiss under Fed. R. Civ. P. 12(b)(1). *See* 14C The Late Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3739 (4th ed. 2009) ("district court must be certain that federal subject-matter jurisdiction is proper before

entertaining a defendant's motion under Federal Civil Rule 12 to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted."). Thus, having reviewed the Motion, the underlying briefing and evidence, oral argument, and relevant law, the Court finds that it does not have jurisdiction to preside over this case and REMANDS the matter to state court.

## I.      Procedural History

Plaintiff Sherry Evans-Carmichael ("Plaintiff") originally filed her Complaint for Breach of Contract, Breach of Duty of Good Faith and Fair Dealing, Bad Faith and Violation of the New Mexico Insurance Code ("Complaint") in the First Judicial District Court of the State of New Mexico. (Doc. 4) at 6–18. In the Complaint, Plaintiff seeks to recover damages for Defendant Liberty Mutual Group, Inc.'s ("Defendant's") alleged breach of a disability benefits plan, in which Plaintiff participated by virtue of her employment at the Los Alamos National Laboratory ("LANL"). (Doc. 4) at 7, 17–18.

On April 8, 2016, Defendant removed the case to this Court, pursuant to 28 U.S.C. § 1331. (Doc. 4) at 2. As the basis for removal, Defendant asserted that Plaintiff's claims relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. Defendant then moved to dismiss Plaintiff's claims on the ground that the disability benefits plan at issue ("Policy") is an "employee benefit plan" governed by ERISA, which preempts the state law causes of action. Accordingly, Defendant argued that the allegations pled in the Complaint are insufficient to state a claim under ERISA.

In response, Plaintiff argued that the disability benefits plan at issue is a "governmental plan," which is exempted from ERISA pursuant to 29 U.S.C. § 1003(b)(1).[1]  (Doc. 14) at 6–7. In

---

[1] The statute reads, in pertinent part:

addition, Plaintiff disputed whether the Policy attached to Defendant's Motion is a true and correct copy of the policy provided to Plaintiff. As a result, Plaintiff contended that the Court must consider additional facts, and make factual findings, in order to determine whether ERISA applies to the disability benefits plan in this case. *Id*. at 7–8.

Upon review of the Complaint and the Motion, the Court determined that it was unable to decide the factual question of whether the policy is a "governmental plan" based on the allegations in the Complaint and, thus, whether the Court has jurisdiction to hear the case. As a result, the Court found it appropriate to convert the Motion to Dismiss to a Motion for Summary Judgment under Federal Rule of Civil Procedure 56. *See Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 344–47 (5th Cir. 2014) (holding that federal district courts have subject matter jurisdiction to decide whether plan is ERISA plan or governmental plan, and that where factual information outside pleadings is necessary, proper vehicle to do so is Rule 56). The parties then had an opportunity to supplement their briefing to include evidence supporting their position. (Doc. 21).

The parties' supplemental briefing makes clear, however, that, as an initial matter, they dispute the applicable policy to Plaintiff's disability claim. Defendant argues that the Los Alamos National Security, LLC ("LANS") Group Disability Income Policy ("LANS Policy") applies to Plaintiff's disability claim. Plaintiff disagrees, and maintains that a University of California ("UC") Supplemental Disability Policy ("UC Policy") applies. As stated above, the parties dispute whether the LANS policy is a "governmental plan" under ERISA. However, Defendant does not dispute, and the record reflects, that the UC Policy is a "governmental plan," over which this Court does not have jurisdiction. (Doc. 23-9). Thus, the question as to which

---

(b) The provisions of this subchapter shall not apply to any employee benefit plan if—

    (1) such plan is a governmental plan (as defined in section 1002(32) of this title): . . . .

3

policy applies to Plaintiff's disability claim becomes a dispositive factual issue establishing subject matter jurisdiction.

## II. Standard of Review

### A. *Rule 12(b)(1)*

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may seek dismissal of a lawsuit for lack of subject matter jurisdiction. "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States,* 46 F.3d 1000, 1002–03 (10th Cir.1995)). Where a Rule 12(b)(1) motion constitutes a facial attack on the allegation of subject matter jurisdiction contained in the complaint, courts presume all of the factual allegations contained in the complaint to be true. *Id*. On the other hand, where a party attacks the facts themselves, "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (citing *Holt,* 46 F.3d at 1003).

### B. *Removal*

Pursuant to 28 U.S.C. 1441(a), a defendant may remove a state civil action "to the district court of the United States for the district and division embracing the place where such action is pending," if the federal district court has original jurisdiction over the matter. Given the federal court's role as a limited tribunal, there is a presumption against removal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (*abrogated on other grounds by Dart Cherokee Basin Operation Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014)) (citing *Laughlin*

*v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).  Indeed, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted).  As a result, "[t]he removing party bears the burden of establishing the requirements for federal jurisdiction." *Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1198 (D.N.M. 2012) (internal citations omitted).

Generally, "if federal subject-matter jurisdiction over a removed case is doubtful, the case should be remanded to state court." 14C *Federal Practice and Procedure* § 3739.  In the Tenth Circuit, "[w]here the removing party's argument is premised on a factual issue, 'the issue must be capable of summary determination and be proven with complete certainty.'" *Bristow First Assembly of God v. BP p.l.c.*, No. 15-CV-523-TCK-FHM, 2016 WL 5415792, at *2 (N.D. Okla. Sept. 28, 2016) (citing *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967)); *see Fairchild v. Progressive Direct Ins. Co.*, No. CV 13-0911 KBM/LFG, 2013 WL 11327114, at *5 (D.N.M. Dec. 20, 2013).  Indeed, a court may not "pre-try, as a matter of course, doubtful issues of fact to determine removability[.]" *Smoot*, 378 F.2d at 882 (internal citations omitted).  It follows that "[w]hen a federal court is faced with disputed issues on removal, in must resolve those issues in favor of remand." *Caldwell-Baker Corp. v. Burlington N. Ry. Co.*, No. CIV.A. 96-2173-GTV, 1996 WL 439297, at *3 (D. Kan. July 9, 1996) (internal citations omitted).

**III.  Factual Background**

The undisputed facts as they relate to the applicable insurance policy are as follows.  LANS assumed direct management of LANL on June 1, 2006.  (Doc. 22-2).  LANS is a private limited liability company formed by the UC, Bechtel, BWXT Government Group, Inc., and URS.  *Id.*  Prior to June 1, 2006, LANL was managed by the UC.  (Doc. 22-3).  In February 2006, Plaintiff filed a claim for Short Term Disability and Supplemental Disability benefits,

which was denied on April 14, 2006, under the UC Policy. (Doc. 23-5). Plaintiff continued to work for LANL through June 1, 2006, to sometime in August 2006. (Doc. 23-4); (Doc. 23-6); (Doc. 24-1). The record reflects that, after June 1, 2006, Plaintiff continued to correspond with Defendant regarding her claim, persisting with her claim and providing additional relevant information. (Doc. 23-4) at 2. Eventually, after several years, Plaintiff's claim was approved, and she began receiving benefits after October 2013. *Id.* However, at some point, Defendant created an additional, new claim on Plaintiff's behalf, assigning a new claim number and a disability date of August 11, 2006, which was after LANS assumed management of LANL. (Docs. 23-4 & 23-10). As a result, Defendant granted and calculated Plaintiff's disability benefits under the LANS Policy. (Doc. 23-4). The parties dispute whether, based on these facts, the UC Policy or the LANS Policy applies to Plaintiff's disability claim.

### IV.   Discussion

Defendant argues that, because Plaintiff was an employee of LANL from June 1, 2006, through her last day of work in August 2006, her claim for recovery of disability benefits is under the LANS Policy. Defendant further argues that the LANS Policy is an ERISA welfare plan, and is not a "governmental plan," thereby establishing this Court's jurisdiction. Plaintiff argues that Plaintiff's claim should be considered under the UC Policy, which is a "government plan" and therefore not subject to ERISA. Plaintiff further argues that, even if the LANS Policy is the governing policy for her disability claim, it is nevertheless a "governmental plan," and therefore is excluded from ERISA. Thus, Plaintiff maintains that the Court does not have jurisdiction over the case, and should remand this matter back to state court.

Based on the factual contentions summarized above, as supported by the evidence provided by the parties and the argument of counsel, the Court construes Plaintiff's disability

"claims" as one claim, which was originally filed in February 2006, and denied under the UC Policy in April 2006. Defendant maintains that it created the new claim based on Plaintiff's representation that she had stopped working at LANL in August 2006. However, while the record reflects that Defendant did create a new, separate disability claim on Plaintiff's behalf, there is no evidence of Plaintiff filing a disability claim after June 1, 2006. The Court is left with no satisfactory explanation for the creation of this new claim, other than that Defendant applied a new date of disability based on Plaintiff's last day of employment, which was after LANS took over management control of LANL. Further, the parties agree that the nature and object of Plaintiff's current disability claim are identical to the claim filed in February 2006. Indeed, the only circumstance that appears to have changed subsequent to the denial of her claim in April 2006, is that the management of LANL changed from UC to LANS. While Plaintiff continued to correspond with Defendant regarding her disability benefits claim after it was denied, she never filed, or intended to file, an additional claim. Rather, Plaintiff challenges the denial of disability benefits in April 2006, under the UC Policy. In fact, Defendant itself refers to this correspondence as a "third appeal request." (Doc. 23-4).

As a result, it appears to the Court that the UC Policy applies to Plaintiff's disability claim. Defendant does not dispute that the UC Policy is a "governmental plan," and therefore is exempt from ERISA. Thus, the Court does not have jurisdiction over this matter, and remands it to the New Mexico state district court for further proceedings. In addition, to the extent there are any factual ambiguities, the Court construes those ambiguities in favor of remand, as case law requires. *See Smoot*, 378 F.2d at 882. Because this Court finds that the UC Policy applies to Plaintiff's claim, the Court need not address the question as to whether the LANS Policy is a "governmental plan" under ERISA.

Further, in response to Defendant's request that the Court determine a new date of disability, the Court declines to make any additional findings. Having found that this Court does not have jurisdiction over the case, any further determinations regarding the nature and merits of Plaintiff's disability claim are for the First Judicial District Court for the State of New Mexico to decide.

**V.     Conclusion**

For the foregoing reasons, this Court finds that it does not have subject matter jurisdiction over this matter. Because Defendant originally removed the case from state court, IT IS THEREFORE ORDERED that this case be REMANDED to First Judicial District Court for the State of New Mexico for further proceedings. *See Kline v. St. Vincent Hospital, et al.*, No. CV 02-758 LH/WDS (remanding case where no federal jurisdiction and case was originally removed from state court).

_____
UNITED STATES DISTRICT JUDGE